STATE BANK OF MAXBASS, a Corporation, v. HONORA HILEMAN and G. C. Hileman, Her Husband, and John D. Gruber Company, a Corporation.

(157 N. W. 971.)

**Mortgage — real estate — foreclosure — mistake in amount — second foreclosure — abandonment of first — sheriff's certificate — redemption — right of — sheriff's deal — on abandoned foreclosure — subsequent encumbrancers — right to redeem — not cut off.**

Where the owner of a $750 first mortgage and $250 second mortgage upon a piece of land forecloses said first mortgage by advertisement, but through some mistake states in his notice of sale that the sum due is only $310, and himself purchases the sheriff's certificate at said sale and for said price, and afterwards, and for fear that the mortgagor and subsequent encumbrancers may seek to redeem from him for said sum, reforecloses said first mortgage by action, and also forecloses and in the same action, his second mortgage, and in his complaint treats said prior foreclosure as a nullity, stating that "plaintiff is the owner and holder of said promissory note and the said real estate mortgage securing the same, and no part of the same has been paid," and "that no proceeding, at law or in equity, have been had for the recovery of said indebtedness except that on March the 5th, 1912, a purported foreclosure of said mortgage was attempted to be made by advertisement, but

through inadvertence or mistake the amount set forth in the notice of sale was stated as being the sum of $310.15," and files a *lis pendens*, and himself testifies that he would not have accepted a redemption under the former certificate and for the sum which it represents if it had been offered to him, such person cannot, within two months of the beginning of such action and the institution of such second foreclosure and during the pendency of said action, obtain a sheriff's deed of said land under said prior foreclosure sale and by means of said deed, and, in an action to quiet title thereunder, deprive the mortgagor and subsequent encumbrancers of the right to thereafter redeem from his said first mortgage and under the second foreclosure which he himself has instituted.

Opinion filed May 4, 1916.

Action to quiet title to land.

Appeal from the District Court of Bottineau County, *A. G. Burr, J.* Judgment for defendants. Plaintiff appeals.

Affirmed.

Opinion of the court by BRUCE, J., filed subsequent to petition for rehearing.

*Albert Weber,* for appellant.

A mortgage foreclosure sale will not be set aside without some good reason. It will be set aside whenever debtor has been misled in any way by the mortgagee or the purchaser and thereby prevented from protecting his interests at the sale, and property sold greatly below its value. Jones, Mortg. § 1676; Haines v. Taylor, 3 How. Pr. 206; Rigney v. Small, 60 Ill. 416, 8 Mor. Min. Rep. 217.

When foreclosure proceedings are entirely regular and free from fraud, they cannot be disturbed or set aside without some other legal reason. McCotter v. Jay, 30 N. Y. 80; Wyandotte State Bank v. Murray, 84 Kan. 524, 114 Pac. 847.

Where property is regularly advertised and fairly sold, such sale will not be set aside in order to protect parties against the consequences of their own negligence, where they were competent to protect themselves. American Ins. Co. v. Oakley, 9 Paige, 496, 38 Am. Dec. 561; Warren v. Foreman, 19 Wis. 35; Colonial & U. S. Mortg. Co. v. Sweet, 65 Ark. 152, 67 Am. St. Rep. 910, 45 S. W. 60; Comp. Laws 1913, § 8085; Nichols v. Tingstad, 10 N. D. 172, 86 N. W. 694.

Parties desiring to redeem must act within one year from sale, or

bring a direct action to have sale set aside. Powers v. Andrews, 84 Ala. 289, 4 So. 263.

A party failing through his own negligence to exercise his right of redemption is not entitled to relief in equity. Parker v. Dacres, 130 U. S. 43, 32 L. ed. 848, 9 Sup. Ct. Rep. 433; Burgess v. Ruggles, 146 Ill. 506, 34 N. E. 1036.

*A. Woodward (Cowan & Adamson and H. S. Blood, of counsel); for respondent.

At the time of taking the sheriff's deed on the first foreclosure, plaintiff claimed that the mortgage lien was still in force, and claimed that it still had the right to a foreclosure of its said lien. It is thus estopped to assert its deed and its validity as against the subsequent encumbrancers. Carpenter v. Plagge, 192 Ill. 82, 61 N. E. 536; Cassem v. Heustis, 201 Ill. 208, 94 Am. St. Rep. 160, 66 N. E. 292.

Where the mortgagor has suffered his right of redemption to lapse in consequence of fraud practised upon him, or through ignorance of his rights, he may maintain a bill in equity to redeem. 27 Cyc. 1847, and cases cited.

BRUCE, J. This is an action to quiet title to a quarter section of land in Bottineau county, North Dakota, and comes to us for a trial de novo. The controversy is mainly between the plaintiff, the State Bank of Maxbass, which claims under a sheriff's deed issued to it on an alleged foreclosure of its first mortgage, and the defendant John D. Gruber Company, the holder of a third mortgage, and which claims that such foreclosure was waived and abandoned by the plaintiff and is therefore a nullity, and that it still has a right to redeem within a year after the sale under a second foreclosure of the same first mortgage, which was subsequently commenced by the plaintiff bank and which is still pending.

It appears from the record that in January, 1912, the plaintiff bank foreclosed its first mortgage for $750 by advertisement, but through inadvertence and mistake stated in its notice of sale that the amount due was only $310, whereas the actual amount so due was $939.15, and itself purchased the sheriff's certificate at said sale for said first-named amount; that later and on January 17, 1913, on discovering its mistake and in order to prevent a redemption from it by the holders of subsequent encumbrances at the said sum of $310, it commenced another

action for the foreclosure of the same first mortgage and of its second mortgage for $250, and in which second action both the mortgagors and the John D. Gruber Company were made defendants, and, though no service was made or attempted to be made on the latter, an answer was interposed by it as well as by the mortgagors; and that at or about the same time a *lis pendens* was also filed. It also appears that in a verified complaint in this foreclosure action the plaintiff, after setting forth its $750 mortgage, expressly alleged "that no proceedings, at law or in equity, have been had for the recovery of said indebtedness except that on March 5, 1912, a *purported* foreclosure of said mortgage was *attempted* to be made by advertisement, but through inadvertence and mistake the amount set forth in the notice of sale was stated as being the sum of $310.50, whereas the sum actually due thereon at said date was the sum of $939.15 exclusive of the costs and disbursements of such foreclosure sale." And, after setting forth its $250 mortgage, expressly stated "that no *proceedings,* at law or in equity, have been had for the recovery of said indebtedness." The record also shows that notwithstanding the allegations of this verified complaint, and notwithstanding the fact that the vice president of the plaintiff bank positively testified upon the trial that he commenced the second action because he "didn't intend to take any chances" and "meant to get the amount due on the mortgages," and "after that action was commenced would not have taken the amount of money that the certificate of sale shows to have been coming to him during the year of redemption," the plaintiff bank at the end of the year from the issuance of the sheriff's certificate on the former foreclosure, and within two months after instituting the second, obtained from the sheriff a deed on such sale, and it is under this deed that it now seeks to quiet title.

We do not believe that this can be done. Before the expiration of the year of redemption both the mortgagors and the third mortgagee were expressly told that the plaintiff had abandoned his prior foreclosure. Plaintiff not only swore, or allowed his attorney to swear, that such prior proceeding was a nullity, but himself positively swore on the trial that he would not have accepted a redemption thereunder; the defendants positively swore that if it had not been for this second action they would have redeemed from the prior sale, and yet a court of equity is asked to cut off that opportunity for redemption. This it will

not do. We do not care whether the prior sale was a nullity or not. It is sufficient to say that plaintiff chose to treat it as such. We do not care whether the filing of a *lis pendens* is provided for by our statute or not. Plaintiff filed one and for no other purpose than to induce the mortgagor and the defendant the John D. Gruber Company not to redeem from the prior sale.

It is the purpose of our redemption laws to make the land of a debtor go as far in the payment of his debts as is possible, and if the plaintiff is enabled to recover the amount of its loans, with interest, it will have little ground for complaint. This opportunity the decree of the District Court gives to it, and it is therefore in all things affirmed.

CHRISTIANSON, J., being disqualified, did not participate. Hon. JAMES M. HANLEY, Judge of the Twelfth Judicial District, sat in his stead.